Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff Allbirds, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLBIRDS, INC., a Delaware Corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>STEVE MADDEN, LTD., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>**1. TRADE DRESS INFRINGEMENT;**<br>**2. TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW;**<br>**3. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Allbirds, Inc.** for its claims against **Defendant Steve Madden, Ltd.** respectfully alleges as follows:

### JURISDICTION AND VENUE

1.　Plaintiff files this action against Defendant for trade dress infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and for related claims under California common law.  This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business within this judicial district.

3. This action arises out of wrongful acts by Defendant within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendant's alleged wrongful acts. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Allbirds, Inc. ("Allbirds") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in San Francisco, California.

5. Upon information and belief Defendant Steve Madden, Ltd. ("Steve Madden" is a corporation duly organized and existing under the laws of the state of Delaware with an office and principal place of business at 52-16 Barnett Avenue, Long Island City, New York 11104.

6. Allbirds is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Allbirds will seek leave to amend this complaint when their true names and capacities are ascertained. Allbirds is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

7. Allbirds is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Allbirds further alleges that Defendant and DOES 1 through 10, inclusive, have a non-

delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     The Allbirds® Wool Runner**

8.     Allbirds is a company engaged in the design, distribution, fabrication, production, marketing, offering for sale, and sale of footwear that is sustainable and comfortable, utilizing environmentally conscious sourcing of high quality materials while maintaining a minimalistic design aesthetic.

9.     Allbirds introduced its first product, the "Wool Runner," in 2015, the appearance of which is unique and distinctive, consisting of a combination of the following non-functional elements ("Wool Runner Trade Dress") as depicted below:

- Sneaker-type shoe featuring wool-like texture on the entirety of the upper outer;
- Embroidered eyelets;
- Shoelaces composed of a three-yarn lace woven together; and
- Midsole and outsole of shoe appear attached as one piece.



10.     The Wool Runner Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and is unique in the footwear industry.

11.     The design of the Wool Runner Trade Dress is neither essential to its use or purpose nor does it affect the cost or quality of the shoe.  There are numerous other

designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Wool Runner Trade Dress. The aforesaid combination of features provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the Allbirds® Wool Runner distinct and recognizable as goods originating from Allbirds.

12. The Wool Runner Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Allbirds as the source of footwear featuring said trade dress.

13. Allbirds has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the Allbirds® Wool Runner and has sold millions of dollars worth of said shoe.

14. Allbirds® shoes, including those featuring the Wool Runner Trade Dress, are sold throughout the United States primarily direct to consumers by Allbirds itself via retail locations and the Allbirds® website (www.allbirds.com).

15. Due to its use, sales, and advertising and promotional activities, Allbirds's Wool Runner trade dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

16. The Wool Runner is the most well-recognized and commercially successful style of the Allbirds® brand, having been featured on Allbirds's advertising and promotional materials as well as in various trade publications. Furthermore, the Wool Runner has received a large volume of unsolicited media attention, and has graced the pages of many popular magazines nationwide, including Time, New York Times, Wired, Fast Company, Bloomberg Business, Forbes and dozens of other popular media publications.

17. Celebrities, including Emma Watson, Matthew McConaughey, Ryan Gosling, Gayle King, Mindy Kaling, Jenna Dewan, and Ed O'Neill, can all be seen wearing Allbirds® Wool Runners on major social media platforms, such as Instagram, as well as in popular press such as The Daily Mail, People, and InStyle.

**B.     Defendant's Infringement of Allbirds's Wool Runner Trade Dress**

18.     Upon information and belief, Defendant is also engaged in the design, distribution, marketing, and sale of footwear. Defendant's "STEVE MADDEN" retail stores are located nationwide, including within this judicial district. Defendant's products can also be purchased from various third-party retail outlets as well as on its official website (www.stevemadden.com).

19.     The present lawsuit arises from Defendant's willful infringement of the Allbirds® "Wool Runner Trade Dress" by its STEVEN® "Women's Traveler Sneakers" which appears nearly identical in all material respects to the Wool Runner Trade Dress ("Accused Products").

   

*Allbirds® Wool Runner*                    *STEVEN® "Women's Traveler Sneakers"*

20.     Upon information and belief, Accused Products are available for sale via various retail outlets including Macy's, Zappos, Amazon, Shopbop, and HSN.

21.     Allbirds has not granted a license or any other form of permission to Steve Madden with respect to any of its trademarks, trade dress, or other intellectual property.

22.     Allbirds is informed and believes and herein alleges that Defendant is a competitor and has copied Allbirds's Wool Runner Trade Dress in an effort to exploit Allbirds's reputation in the market.

23.     Allbirds is informed and believes and herein alleges that Defendant has acted willfully, in bad faith, and that its infringing acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the

1  affiliation, connection, or association of Defendant's products with Allbirds, or as to
2  the origin, sponsorship, or approval of the Accused Products by Allbirds. Indeed, in
3  the Summer of 2017 a high-level executive for Steve Madden contacted Allbirds and
4  made inquiries about the Allbirds® brand. Upon information and belief, Allbirds
5  herein alleges that the Accused Products, obvious knock-offs of the Allbirds® Wool
6  Runner offered in the same core colors, were launched subsequently thereafter in an
7  attempt trade off of the good will established by Allbirds in the Wool Runner Trade
8  Dress.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement - 15 U.S.C. § 1125)

24. Allbirds incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

25. The Wool Runner Trade Dress is non-functional in its entirety, visually distinctive, and is unique in the footwear industry.

26. The design of the Wool Runner Trade Dress is neither essential to its use or purpose nor does it affect the cost or quality of the shoe. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Wool Runner Trade Dress. The aforesaid combination of features provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the Allbirds® Wool Runner distinct and recognizable as goods originating from Allbirds.

27. The Wool Runner Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Allbirds as the source of footwear featuring said trade dress.

28. Allbirds has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the Allbirds® Wool Runner and has sold millions of dollars worth of said shoe.

29. The Wool Runner Trade Dress is one of the most well recognized and commercially successful styles of the Allbirds® brand of footwear.

30. Due to its use, extensive sales, and significant advertising and promotional activities, Allbirds's Wool Runner Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

31. There are numerous other shoe designs in the footwear industry, none of which necessitate copying or imitating the Wool Runner Trade Dress. However, due to the popularity and consumer recognition achieved by the Wool Runner, said design has often been the subject of infringement by third-parties, including by Defendant.

32. Allbirds is informed and believes and herein alleges that Defendant is a competitor and has deliberately copied Allbirds's Wool Runner Trade Dress in an effort to exploit Allbirds's reputation in the market.

33. The Accused Products produced, distributed, advertised and offered for sale by Defendant bear nearly identical reproductions of the Wool Runner Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Allbirds of Defendant's products.

34. Defendant's use of Allbirds's Wool Runner Trade Dress is without Allbirds's permission or authority and in total disregard of Allbirds's rights to control its intellectual property.

35. Defendant's use of Allbirds's Wool Runner Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendant's products are produced, sponsored, authorized, licensed by or otherwise connected or affiliated with Allbirds, all to the detriment of Allbirds.

36. Allbirds has no adequate remedy at law.

37. In light of the foregoing, Allbirds is entitled to injunctive relief prohibiting Defendant from using Allbirds's Wool Runner Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that

1  Allbirds has sustained and will sustain, and all gains, profits and advantages obtained
2  by Defendant as a result of its infringing acts alleged above in an amount not yet
3  known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

**(Trade Dress Infringement Under California Common Law)**

38. Allbirds incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39. Allbirds has common law rights to the Wool Runner Trade Dress in the state of California due to its extensive promotion and sales of products bearing said trade dress within the state of California.

40. Allbirds's Wool Runner Trade Dress has achieved a high degree of consumer recognition and secondary meaning nationwide and within the state of California, which serves to identify Allbirds as the source of high-quality goods.

41. Defendant's infringement of the Wool Runner Trade Dress constitutes common law trade dress infringement in violation of the common law of the State of California.

42. Defendant's unauthorized use of Allbirds's Wool Runner Trade Dress has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Allbirds.

43. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Allbirds.

44. Allbirds has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless they are enjoined by this Court.

45. The conduct herein complained of was extreme, outrageous, and was inflicted on Allbirds in reckless disregard of Allbirds's rights. Said conduct was despicable and harmful to Allbirds and as such supports an award of exemplary and

punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

46. In light of the foregoing, Allbirds is entitled to injunctive relief prohibiting Defendant from infringing the Wool Runner Trade Dress, and to recover all damages, including attorneys' fees, that Allbirds has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition Under California Common Law)

47. Allbirds incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48. Defendant's infringement of the Wool Runner Trade Dress constitutes unfair competition in violation of the common law of the State of California.

49. Allbirds has invested a substantial amount of time, skill and money in developing its footwear styles.

50. Upon information and belief, Defendant is competitors of Allbirds and have copied Allbirds's footwear styles in an effort to exploit Allbirds's reputation in the market. Defendant misappropriated and used Allbirds's Wool Runner Trade Dress at little or no cost to Defendant.

51. Defendant's misappropriation and use of Allbirds's Wool Runner Trade Dress was without the authorization or consent of Allbirds; and Allbirds has been injured by the Defendant's conduct.

52. Defendant's infringing acts were intended to capitalize on Allbirds's goodwill associated therewith for Defendant's own pecuniary gain. Allbirds has expended substantial time, resources and effort to obtain an excellent reputation for its Allbirds® brand of footwear. As a result of Allbirds's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Allbirds.

53. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Allbirds.

54. Allbirds has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct, unless they are enjoined by this Court.

55. Defendant's infringing conduct was extreme, outrageous, and was inflicted on Allbirds in reckless disregard of Allbirds's rights. Said conduct was despicable and harmful to Allbirds and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant, and to deter it from similar conduct in the future.

56. In light of the foregoing, Allbirds is entitled to injunctive relief prohibiting Defendant from infringing the Wool Runner Trade Dress, and to recover all damages, including attorneys' fees, that Allbirds has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Allbirds, Inc. respectfully prays for judgment against Defendant Steve Madden Ltd., as follows:

1. A judgment that Defendant has infringed Allbirds's Wool Runner Trade Dress in violation of 15 U.S.C. § 1125 and that Defendant's infringement was willful;

2. An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using infringing Allbirds's Wool Runner Trade Dress, including, but not limited to:

   a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products or any other

products which bear Allbirds's Wool Runner Trade Dress, or designs confusingly similar thereto;

      b.    engaging in any other activity constituting unfair competition with Allbirds, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Allbirds; and

      c.    committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Allbirds;

3. Ordering Defendant to recall from any distributors and retailers and to deliver to Allbirds for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendant to file with this Court and serve on Allbirds within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. Ordering an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a);

6. Awarding Allbirds all of Defendant's profits and all damages sustained by Allbirds as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7. Awarding enhanced damages;

8. Finding that this is an exceptional case under 15 U.S.C. § 1117 and awarding attorneys' fees there under;

9. Awarding applicable interest, costs, disbursements and attorneys' fees;

10. Awarding Allbirds punitive damages in connection with its claims under California law; and

11. Such other relief as may be just and proper.

Dated:      December 12, 2017      BLAKELY LAW GROUP

By:   */s/ Cindy Chan*_____
      Brent H. Blakely
      Cindy Chan
      ***Attorneys for Plaintiff Allbirds, Inc.***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Allbirds, Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated:      December 12, 2017      BLAKELY LAW GROUP

By:   */s/ Cindy Chan*_____
      Brent H. Blakely
      Cindy Chan
      ***Attorneys for Plaintiff Allbirds, Inc.***